Stephen G. Wilcox
State Bar Number 21454300
WILCOX LAW, PLLC
P.O. Box 201849
Arlington, TX 76006
(817) 870-1694 Telephone
swilcox@wilcoxlaw.net
ATTORNEY FOR TD BANK, N.A., SUCCESSOR IN INTEREST TO TD AUTO FINANCE LLC

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| BYRON WALKER, | § | CASE NO. 25-40278-MXM-13 |
|     DEBTOR, | § | |
| | § | |
| TD BANK, N.A., SUCCESSOR IN | § | |
| INTEREST TO TD AUTO FINANCE LLC, | § | |
|     MOVANT, | § | |
| | § | |
| VS. | § | A Hearing on the Motion for |
| | § | Relief from the Automatic Stay |
| BYRON WALKER, | § | or, in the Alternative, Request |
|     RESPONDENT. | § | for Adequate Protection set: |
| | § | **MARCH 27, 2025 AT 9:30 AM** |

## NOTICE OF HEARING

TO ALL PARTIES IN INTEREST:

This is to inform you that a hearing on the above referenced Motion has been set for hearing on March 27, 2025 at 9:30 a.m., before the Honorable Mark X. Mullin, by WebEx video conference only using the following link: **https://us-courts.webex.com/meet/mullin.**

    Dial-In: 1.650.479.3207

    Meeting ID: 2310-650-8783

DATED February 28, 2025.

    Respectfully submitted,
    /s/ Stephen G. Wilcox
    Stephen G. Wilcox
    State Bar Number 21454300
    WILCOX LAW, PLLC
    P.O. Box 201849
    Arlington, TX 76006
    (817) 870-1694 Telephone
    swilcox@wilcoxlaw.net

ATTORNEY FOR TD BANK, N.A.,
SUCCESSOR IN INTEREST TO
TD AUTO FINANCE LLC

## NOTICE

**ABSENT COMPELLING CIRCUMSTANCES WARRANTING AN ALTERNATIVE PROCEDURE, EVIDENCE PRESENTED AT PRELIMINARY HEARINGS IN THE DALLAS AND FORT WORTH DIVISIONS ON MOTIONS FOR RELIEF FROM THE AUTOMATIC STAY WILL BE BY AFFIDAVIT ONLY. THE RESPONDING PARTY SHALL SERVE EVIDENTIARY AFFIDAVITS AT LEAST 2 DAYS IN ADVANCE OF SUCH HEARING. THE FAILURE OF A RESPONDENT TO FILE AN EVIDENTIARY AFFIDAVIT, OR THE FAILURE OF AN ATTORNEY TO ATTEND A SCHEDULED AND NOTICED PRELIMINARY HEARING, SHALL BE GROUNDS FOR GRANTING THE RELIEF, REGARDLESS OF THE FILING OF A RESPONSE TO THE MOTION.**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Notice of Hearing was served by FIRST CLASS MAIL, POSTAGE PREPAID on:

Byron Walker
1206 Delmarva Court
Granbury, TX 76048

and by ELECTRONIC FILING on:

Eric Maskell
Allmand Law Firm, PLLC
860 Airport Frwy., Suite 401
Hurst, TX 76054

Pam Bassel
860 Airport Frwy., Suite 150
Hurst, TX 76054

Office of the U.S. Trustee
1100 Commerce, Room 976
Dallas, TX 75242

on February 28, 2025.

/s/ Stephen G. Wilcox
Stephen G. Wilcox

953-03937-604024

# WebEx Hearing Instructions
## Judge Mark X. Mullin

Pursuant to General Order 2021-06, subject to the discretion of the presiding judge of a particular case or proceeding to order otherwise, all hearings before the Court are currently being conducted in one of the following three ways depending upon the nature of the proceeding: (1) in a remote only mode (by video or telephone via the Court's WebEx platform); (2) in an in-person only mode (before the Court in the courtroom); or (3) in a hybrid mode (enabling participants to choose between appearing in person or remotely).

### IMPORTANT NOTICE

For all cases and proceedings assigned to Judge Mullin, **Judge Mullin has determined to permit both in person and remote attendance at all hearings** (*i.e.*, all such hearings will be conducted in a hybrid mode instead of a remote only or in-person only mode), provided that Judge Mullin may order otherwise with respect to any particular hearing or proceeding in his discretion or for cause shown.

Additionally, for all adversary proceedings assigned to Judge Mullin, **Judge Mullin has determined to permit both in person and remote attendance at all adversary proceeding hearings** notwithstanding the designation of all adversary proceeding hearings (whether evidentiary or non- evidentiary) as in-person only hearings under General Order 2021-06 (*i.e.*, all such adversary proceeding hearings will be conducted in a hybrid mode instead of an in-person only mode), provided that Judge Mullin may order otherwise with respect to any particular hearing in his discretion or for cause shown.

### WEBEX HEARING INSTRUCTIONS

**The following instructions apply to remote attendance at hybrid mode hearings**.

**General Information**:

Subject to compliance with the procedures and requirements set forth herein, counsel and other parties in interest are permitted to attend and participate in hybrid hearings by remote means (*i.e.*, by WebEx videoconference or telephonic conference) without first obtaining permission of the Court to do so. The WebEx videoconference login and WebEx telephonic conference dial-in and meeting ID are set out below:

**For WebEx Video Participation/Attendance:**

Link: https://us-courts.webex.com/meet/mullin

**For WebEx Telephonic Only Participation/Attendance:**

Dial-In: 1.650.479.3207

Meeting ID: 2310-650-8783

**Participation/Attendance Requirements Applicable to All Remote Attendees:**

- Requirements as to attendance by videoconference or telephonic conference:

    (1) For those who intend to question any witness(es) or seek the admission of any document(s) in evidence, such individuals must attend in a videoconference mode (as opposed to a telephonic conference mode).

    (2) For those who do not intend to question any witnesses or seek the admission of any documents in evidence but who nevertheless intend to actively participate in the hearing, such individuals are encouraged, but not required, to attend in a videoconference mode.

    (3) All others may attend in either a videoconference or telephonic conference mode.

- Remote attendees should join the WebEx hearing <u>at least 10 minutes prior</u> to the hearing start time. Please be advised that a hearing may already be in progress. <u>During hearings, attendees are required to keep their lines on mute at all times that they are not addressing the Court or otherwise actively participating in the hearing.</u> **The Court reserves the right to disconnect or place on permanent mute any attendee that causes any disruption to the proceedings**. For general information and tips with respect to WebEx participation and attendance, please see [Clerk's Notice 20-04](#).

**<u>Remote Witness Testimony</u>**:

Witnesses are permitted to testify in-person or by remote means unless ordered otherwise by the Court.

Where remote testimony is permitted, witness testimony <u>must</u> be provided with the WebEx video function activated. Witnesses may <u>not</u> provide testimony by telephone alone unless the Court finds cause to waive the prohibition (only in rare circumstances).

**<u>Exhibit Requirements</u>**:

- Any party intending to introduce documentary evidence at a hybrid mode hearing <u>must</u> file an exhibit list in the case with a true and correct copy of each designated exhibit filed as a <u>separate, individual attachment thereto</u> so that the Court and all participants have ready access to all designated exhibits.

- For any witness that is to be called to testify remotely, the party calling the witness must, in advance of the hearing, supply to the witness (or counsel for the witness, as appropriate) with paper copies of all designated exhibits for the hearing.

**<u>Notice of Hearing Content and Filing Requirements for Hybrid Mode Hearings:</u>**

- The Notice of Hearing filed in the case and served on parties in interest must: (1) provide notice that the hearing will be conducted both in person and by WebEx means, (2) provide notice of the above WebEx video link and telephone dial-in and meeting ID, and (3) attach a copy of these WebEx Hearing Instructions or provide notice that they may be obtained at the following address: https://www.txnb.uscourts.gov/judges-info/hearing-dates/judge-mullin-hearing-dates

- When electronically filing the Notice of Hearing via CM/ECF select "<u>Fort Worth, Judge Mullin's Ctrm</u>" or "<u>athttps://us-courts.webex.com/meet/mullin</u>" as the location for the hearing. Do <u>NOT</u> select "VIDEO CONFERENCE" link as the location for the hearing.

# <u>Disclaimer</u>:

The Court cannot and does not guarantee that telephonic service and computer connectivity will not be interrupted during the course of a hearing. For hybrid hearings, those who elect to participate in the hearing by remote means do so at their own risk, understanding that except in extremely rare circumstances the Court will not entertain a request for continuance of the hearing based upon technological failure or any disadvantage experienced on account of an election to attend remotely instead of in person.