



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed March 26, 2025**

_____

**United States Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| BYRON WALKER, | § | CASE NO. 25-40278-MXM-13 |
|     DEBTOR, | § | |
| | § | |
| TD BANK, N.A., SUCCESSOR IN | § | |
| INTEREST TO TD AUTO FINANCE LLC, | § | |
|     MOVANT, | § | |
| | § | |
| VS. | § | A Hearing on the Motion for |
| | § | Relief from the Automatic Stay |
| BYRON WALKER, | § | or, in the Alternative, Request |
|     RESPONDENT. | § | for Adequate Protection set: |
| | § | **MARCH 27, 2025 AT 9:30 AM** |

## AGREED ORDER REGARDING THE AUTOMATIC STAY
**(resolves docket numbers: 26 & 27)**

There came on for consideration before this Court, on the date recited hereinabove, the Motion for Relief from the Automatic Stay or, in the Alternative, Request for Adequate Protection ("Motion") filed by TD Bank, N.A., successor in interest to TD Auto Finance LLC ("Creditor") complaining of Byron Walker ("Debtor"). Creditor was represented by and through its attorney of record, Stephen G. Wilcox of the firm of Wilcox Law, PLLC. Debtor was represented by and through his attorney of record, Eric Maskell. The Trustee, although served with a copy of the Motion and Notice of Hearing, failed to appear or otherwise respond. Prior to the introduction of evidence, Creditor and the Debtor announced to the Court they had agreed to the following:

1. Debtor agrees and stipulates that Creditor has a perfected security interest in a 2023 Dodge Ram 2500, vehicle identification number 3C6UR5CL2PG569312 ("Vehicle 1"). Debtor signed a contract for the purchase of the Collateral dated April 10, 2023 ("Contract"). Creditor has assigned this debt account number ending in 4175.

2. Debtor agrees and stipulates that Creditor has a perfected security interest in a 2023 Dodge Ram 2500, vehicle identification number 3C6UR5CL4PG569313 ("Vehicle 2" and collectively with Vehicle 1, the "Collateral"). Debtor signed a contract for the purchase of the Collateral dated April 26, 2023 ("Contract"). Creditor has assigned this debt account number ending in 2053.

**WITH REGARD TO THE 2023 DODGE RAM 2500; VIN ENDING IN 9312**

3. Debtor agrees and stipulates that within ten (10) days of the entry of the Agreed Order, Debtor shall file an amended AAPD to provide for adequate protection payments of $634.69 each as to Vehicle 1 beginning with the April 2025 disbursement and continuing each month thereafter until the Chapter 13 Plan has confirmed. Debtor shall timely make all monthly payments due to the Chapter 13 Trustee. If this case is converted to a case under Chapter 11, Debtor shall pay direct adequate protection payments of $634.69 each for Vehicle 1 starting on the twenty-fourth day of the first calendar month following the Order of Conversion and continuing each month thereafter under the Effective Date of the Chapter 11 Plan.

**WITH REGARD TO THE 2023 DODGE RAM 2500; VIN ENDING IN 9313**

4. Debtor agrees and stipulates that within ten (10) days of the entry of the Agreed Order, Debtor shall file an amended AAPD to provide for adequate protection payments of $634.69 each as to Vehicle 2 beginning the April 2025 and continuing each month thereafter until the Chapter 13 Plan has confirmed. Debtor shall timely make all monthly payments due to the Chapter 13 Trustee. If this case is converted to a case under Chapter 11, Debtor shall pay direct adequate protection payments of $634.69 each for Vehicle 2 starting on the twenty-fourth day of the first calendar month following the Order of Conversion and continuing each month thereafter under the Effective Date of the Chapter 11 Plan.

**WITH REGARD TO BOTH VEHICLES**

5. Failure of Debtor to amend the AAPD and incorporate the terms and provisions set forth herein in all subsequent AAPD's is an event of default pursuant to the terms of this Agreed Order. Debtor's failure to make any payment required herein on or before ten (10) days from the date said payment is due is an event of default pursuant to the terms of this Agreed Order. In the event that Debtor surrenders the Collateral or files a modification of a Chapter 13 or 11 Plan to surrender the Collateral or files a Final Plan providing for the surrender of the Collateral, the

automatic stay shall immediately terminate as to the Collateral. Debtor agrees and stipulates that in the event a Chapter 13 Plan is not confirmed, that upon conversion or dismissal of this bankruptcy case, the Chapter 13 Trustee will disburse to Creditor all funds in the Trustee's possession which should have been paid to Creditor pursuant to the Authorization for Adequate Protect Disbursements ("AAPD"), subject to the Trustee's statutory fee.

6. Debtor agrees and stipulates to provide Wilcox Law with written proof of full coverage insurance. The proof of insurance must list TD Bank as loss-payee and Debtor as an owner and be otherwise acceptable to Creditor. Said proof of insurance must be delivered to Wilcox Law, PLLC, P.O. Box 201849, Arlington, TX 76006 or by email to Kim Raudry at kraudry@wilcoxlaw.net, on or before March 27, 2025. Failure to provide written proof of insurance as required herein is an event of default pursuant to the terms of this Agreed Order. Debtor agrees and stipulates to maintain full coverage insurance on Creditor's Collateral throughout the pendency of this bankruptcy proceeding. Failure to maintain full coverage insurance on Creditor's Collateral, listing Creditor as loss-payee throughout the pendency of this bankruptcy proceeding is an event of default pursuant to the terms of this Agreed Order. If the vehicle is damaged and declared a total loss by the insurance company, it shall be an immediate event of default under the terms of this Agreed Order. Further, Debtor shall keep at least $5,000.00 in cash on hand in Debtor's business account to cover any deductibles and shall offer reasonable proof thereof to Creditor. If Debtor fails to keep this amount on hand, it shall be an immediate event of default under the terms of this Agreed Order.

7. In the event of a default pursuant to the terms of this Agreed Order, Debtor agrees and stipulates that the automatic stay shall immediately terminate as to Creditor and Creditor will be entitled to repossess and sell its Collateral and exercise its state law and contractual remedies, consistent with state law, without further order of this Court and without the necessity of sending a notice to the Debtor of the intention to accelerate the debt or of the intention to repossess the Collateral or of any right to cure. Debtor further agrees and stipulates that Creditor may seek all writs and other state court orders necessary to obtain possession of the Collateral in the event it is not voluntarily surrendered.

8. Debtor agrees and stipulates that Creditor may take all actions necessary to maintain a perfected security interest in the Collateral throughout the pendency of this bankruptcy proceeding, including but not limited to, recording all notations of its lien of record, without violating the automatic stay.

9. Debtor agrees and stipulates to maintain the Collateral in good repair during the pendency of this bankruptcy proceeding.

10. This Order is binding on Debtor in the event of a conversion of this case and on all successors in interest including, but not limited to, any Trustee appointed upon the conversion of this case. Conversion of this case to a case under Chapter 7 shall be an immediate event of default under the terms of this Agreed Order. This Agreed Order shall remain in full force and effect following the confirmation of a Plan in this case and neither the Plan nor the Order of confirmation nor any modification of the Chapter 13 Plan shall alter or amend the terms and provisions of this Agreed Order.

11. For purposes of this Agreed Order, a payment shall be construed to be made when the payment is actually received by the payee and the payment is made with good and sufficient funds. Tender of a payment to Creditor which is subsequently returned due to insufficient funds shall not constitute a payment pursuant to the terms of this Agreed Order. Acceptance by Creditor of a payment following an event of default shall not be a waiver of the default.

IT IS THEREFORE ORDERED that the agreement by and between Creditor and Debtor as recited hereinabove is approved in all respects and constitutes a binding Order of this Court.

IT IS FURTHER ORDERED that this agreement is in the best interest of the Debtor, the estate and all interested parties.

IT IS FURTHER ORDERED that this Agreed Order is effective immediately and is not stayed for fourteen days following the entry of this Agreed Order.

IT IS SO ORDERED.

### End of Order ###

APPROVED AS TO SUBSTANCE AND FORM:

| /s/Stephen G. Wilcox | /s/Eric Maskell |
|---|---|
| Stephen G. Wilcox | ** Eric Maskell |
| State Bar Number 21454300 | State Bar Number 24041409 |
| WILCOX LAW, PLLC | Allmand Law Firm, PLLC |
| P.O. Box 201849 | 860 Airport Freeway, Suite 401 |
| Arlington, Texas 76006 | Hurst, Texas 76054 |
| (817) 870-1234 Telephone | Telephone: 214-265-0123 |
| swilcox@wilcoxlaw.net | Facsimile: 214-265-1979 |
| | |
| ATTORNEY FOR TD BANK, N.A., SUCCESSOR IN INTEREST TO TD AUTO FINANCE LLC | ATTORNEY FOR DEBTOR<br><br>**signed by Stephen G. Wilcox who has permission to sign the original Order on my behalf and to submit it to the Court for entry. |

953-03937-605948