Clayton L. Everett, Texas State Bar No. 24065212
NORRED LAW, PLLC | 515 E. Border Street | Arlington, Texas 76010
Phone: (817) 704-3984 | clayton@norredlaw.com
Proposed Attorney for Byron Earl Walker

# United States Bankruptcy Court
## Northern District of Texas
## Fort Worth Division

| | |
|---|---|
| **In re:** | |
| **Byron Earl Walker** | Case No. 25-40278-mxm13 |
| 1206 Delmarva Ct. | |
| Granbury, TX 76048 | Chapter 13 |
| SSN: xxx-xx-5640 | |
| **Debtor**, | |

**DEBTOR'S MOTION TO CONVERT CHAPTER 13 TO CHAPTER 11 SUBCHAPTER V, OR IN THE ALTERNATIVE, CHAPTER 11, AND MOTION TO EXTEND DEADLINES**

NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT THE ELDON B. MAHON U.S. COURTHOUSE, 501 W. 10TH ST., RM. 147, FORT WORTH, TX 76102-3643, BEFORE CLOSE OF BUSINESS ON MAY 1, 2025, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.

ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.

IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.

Byron Earl Walker ("Debtor") files this *Motion to Convert Chapter 13 to Chapter 11 Subchapter V Case, or in the Alternative, Chapter 11, and Motion to Extend Deadlines* ("Motion") under 11 U.S.C. § 1307(d). In support of the Motion, the Debtor would show the following:

1. This Court has jurisdiction over the Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of Debtor's chapter 13 case and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409. The statutory basis for the relief requested is found under 11 U.S.C. §§ 105 and 1307(d).

2. The Debtor filed his petition for relief under Chapter 13 on January 24, 2025.

3. The Debtor has secured debts exceeding the Chapter 13 eligibility limit under 11 U.S.C. § 109(e), as evidenced by the Chapter 13 Trustee's Motion to Dismiss for Ineligibility [Dkt. 35] and the Debtor's Schedules [Dkt. 16].

4. Accordingly, Debtor is no longer eligible to proceed under Chapter 13 and seeks conversion to Chapter 11.

5. Under § 1307(d), the Debtor asks the Court to convert his case to a case under Chapter 11 Subchapter V due to the Debtor's inability to fit under the jurisdiction debt limits under Chapter 13 of the Bankruptcy Code. 11 U.S.C. § 109(e).

6. In the alternative, should the Court find that the Debtor is ineligible to proceed under Subchapter V, the Debtor requests conversion to Chapter 11 generally.

7. This case has not previously been converted under § 706, 1112, or 1208. No confirmation order has been entered in this case and the Debtor is not a farmer.

8. Converting this case to a Chapter 11 Subchapter V proceeding is in the best interest of the estate and creditors. The Debtor anticipates the ability to propose a plan that pays creditors in full, is accepted by the creditors, or complies with applicable rules allowing confirmation of the plan without creditor approval.

9. The Debtor qualifies as a "debtor" under Chapter 11 Subchapter V because (1) he is a person engaged in commercial or business activities, including operating Walker Cutting Horses,

LLC and RWE Services, LLC (2) his primary activity is not the business of owning single asset real estate; (3) his secured and unsecured debts are not more than $3,424,000.00; and (4) more than fifty percent of his debt arose from commercial or business activities. § 1182(1).

10. According to Debtor's schedules, the Debtor listed debts of approximately $2,060,085.00 [Dkt. 16]. The claims filed in this case amount to $1,581,149.31 [See Claim Registry as of April 10, 2025].

11. Should the Court determine otherwise regarding eligibility for Subchapter V, the Debtor requests conversion under Chapter 11 to allow reorganization to proceed.

12. While the Debtor is ineligible to continue as a Chapter 13 debtor, he is eligible to continue as a debtor in Chapter 11 Subchapter V for the purpose of reorganizing his debts in good faith.

**IN SUPPORT OF ORDER EXTENDING TIME FOR**
**STATUS CONFERENCE AND FILING CHAPTER 11 PLAN**

13. Sections 1188(a) and 1189(a) provide that a status conference must be held within 60 days of the petition date and a plan of reorganization must be filed within 90 days of the petition date, respectively. Because the conversion date does not otherwise affect the petition date or the deadline under Chapter 11 Subchapter V, the Debtor asks the Court to extend the time for (i) the Court to hold a Status Conference under § 1188(b) and (ii) the Debtor to file a plan under § 1189(b).

14. On or about April 5, 2025, the Debtor entered into an agreement for proposed counsel Norred Law and Clayton Everett to seek the conversion of this case to Chapter 11 and, upon the Court's approval, represent the Debtor in the Chapter 11 proceedings.

15. The Debtor asks the Court to enter an order resetting (i) the status conference under 11 U.S.C. § 1188 and (ii) resetting the deadline for the Debtor to file a chapter 11 plan of reorganization.

16. Absent prohibition by Congress, a bankruptcy court may extend or reset deadlines under the Small Business Reorganization Act of 2019. *In re Ventura*, 615 B.R. 1 (Bankr. E.D.N.Y. 2020). Under these circumstances, an extension of time for the status conference and deadline to file the plan are just and reasonable.

WHEREFORE, the Debtor requests the entry of an Order (i) converting the Chapter 13 Case to a Case under Chapter 11 Subchapter V; (ii) extending and resetting the time and date for the Status Conference required under § 1188(a); (iii) extending and resetting the deadline for the Debtor to file a plan of reorganization under § 1189(b); (iv) granting the Debtor such other and further relief as the Court may deem just and proper.

DATED: April 10, 2025. Respectfully submitted:

By: /s/ Clayton L. Everett
Clayton L. Everett | State Bar No. 24065212
clayton@norredlaw.com
Norred Law, PLLC
515 E. Border St.; Arlington, Texas 76010
Telephone: (817) 704-3984
Proposed Counsel for Debtor

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2025, a true and correct copy of the foregoing document was served to all parties receiving notice electronically in this case via the CM/ECF system.

/s/ Clayton L. Everett
Clayton L. Everett