NORRED LAW, PLLC
Clayton L. Everett, State Bar No. 24065212
515 E. Border Street | Arlington, Texas 76010
Telephone: (817) 704-3984 | clayton@norredlaw.com
Attorney for Byron Earl Walker

# United States Bankruptcy Court
## Northern District of Texas
### Fort Worth Division

| | |
|---|---|
| In re:<br>**Byron Earl Walker**<br>1206 Delmarva Ct.<br>Granbury, TX 76048<br>SSN: xxx-xx-5640<br><br>**Debtor.** | **Case No. 25-40278-mxm11**<br><br>**Chapter 11**<br><br>**[Subchapter V Case]** |

## DEBTOR'S AMENDED PLAN OF REORGANIZATION UNDER SUBCHAPTER V OF CHAPTER 11

TO THE HONORABLE MARK X. MULLIN, UNITED STATES BANKRUPTCY JUDGE:

### ARTICLE I – Background and Definitions

1.1 Introduction. This is the proposed Amended Plan of Reorganization of Byron Earl Walker ("Debtor"), filed under Subchapter V of Chapter 11 of the Bankruptcy Code. The Debtor, Mr. Walker, is an individual engaged in two active business ventures: RWE Services, LLC, an oil pipeline maintenance company, and Walker Cutting Horses, LLC, a company specializing in the breeding and competitive showing of elite cutting horses. RWE Services currently employs ten individuals. Walker Cutting Horses utilizes the services of a professional horse trainer who is retained as a 1099 independent contractor.

The Debtor seeks to reorganize his debts through a Chapter 11 Subchapter V plan that proposes to pay creditors all amounts required under the Bankruptcy Code, while preserving the viability of his ongoing business operations, and continuing to live and reside at his homestead.

1.2 Effective Date. The "Effective Date" of this Plan shall be the first business day that is at least 14 days after entry of the Confirmation Order and on which no stay of the Confirmation Order is in effect.

1.3 Subchapter V Trustee. A Subchapter V Trustee has been appointed and will continue to serve post-confirmation to the extent required under 11 U.S.C. §1183.

1.4 Definitions. Terms not otherwise defined herein shall have the meaning set forth in the Bankruptcy Code or Bankruptcy Rules.

## ARTICLE II – Classification of Claims and Interests

Pursuant to §§1122 and 1123, Claims are classified as follows:

Class 1 – Administrative Claims
Class 2 – Priority Tax Claims
Class 3 – Secured Claims
Class 4 – General Unsecured Claims
Class 5 – Equity Interests

## ARTICLE III – Treatment of Claims and Interests

Class 1 – Administrative Claims. Administrative claims, including professional fees and Subchapter V Trustee fees, will be paid in full in cash on the Effective Date, or upon allowance, unless otherwise agreed.

Class 2 – Priority Tax Claims. Priority tax claims, including Hood County Appraisal District, will be paid in deferred cash payments over 5 years from the Petition Date, with interest at the statutory rate under §511.

Class 3 – Secured Claims.

(a) Vehicle Lenders (Chase, TD Bank, Security Service FCU): Secured portion to be paid equal to collateral value with 7% interest, amortized over 60 months. Any deficiency balances will be treated in Class 4.

(b) Hood County Appraisal District: Paid in full with statutory interest of 12% per annum until satisfied.

Class 3A – John Deere Financial (Co-Obligor Claim)

John Deere Financial holds claims against the Debtor arising from co-borrower and guarantor obligations relating to equipment financed for RWE Services, LLC.

The Debtor acknowledges that the Equipment securing Deere's claims is primarily owned and operated by RWE Services, LLC and is treated under the proposed or confirmed plan in Case No. 25-43579-elm11. The Deere obligations refer to all cross-collateralized obligations secured by the Equipment described in the Deere Motion for Relief from Stay.

Treatment

1. **Primary Treatment in RWE Plan**. Deere's secured claim shall be primarily treated and paid pursuant to Class 2A of the confirmed plan of RWE Services, LLC. For purposes of compliance with the Agreed Order on Deere's Motion for Relief from Stay, the Deere claim is estimated at $252,300, paid at the Till rate over 36 months with estimated monthly payments of $7,400 under the RWE Services, LLC Plan.

2. **Co-Obligor Liability.** The Debtor's liability shall be contingent and derivative only, and payments made by RWE Services, LLC shall reduce the Debtor's obligation dollar-for-dollar.

3. **No Duplicate Payment Stream.** The Debtor shall not make separate payments on account of the Deere secured claim so long as the RWE Services, LLC plan remains in material compliance.

4. **Deficiency Treatment.** Any remaining liability of the Debtor following completion of the RWE Services, LLC plan shall be treated as a general unsecured claim under this Plan.

5. **Lien Rights Unimpaired.** Nothing herein alters Deere's lien rights in the Equipment as provided in the related security agreements

## Class 3B – PlainsCapital Bank (Real Estate Claim – Claim 13)

1. **Allowed Secured Claim.** PlainsCapital Bank holds a secured claim arising from a promissory note and deed of trust encumbering income-producing real property utilized in connection with the Debtor's business operations. The claim is currently asserted in the approximate amount of $702,795.41, subject to objection and final determination under 11 U.S.C. § 506(a). Except as expressly modified herein, the loan documents shall remain in effect.

2. **Interest Rate.** The allowed secured claim shall bear interest at the Till rate, presently estimated at the national prime rate plus 1.00%, unless otherwise agreed by the parties.

3. **Payment Terms.** Beginning on the Effective Date, the Debtor shall continue making substantially the same monthly payments as required under the prepetition loan documents, estimated at approximately $5,794 per month, with all payments applied to principal and interest, which payment amount approximates the present-value payment stream required under the Till rate.

4. **Extended Maturity.** The maturity date of the loan shall be extended for a period of five (5) years beyond the original contractual maturity date, after which any remaining balance shall be due and payable in full.

5. **Lien Retention.** PlainsCapital Bank shall retain its lien on the real property until payment in full of the allowed secured claim.

6. **Operational Payment Source.** Payments on account of this claim shall be funded from income generated through RWE Services, LLC operations, and payments made under the RWE Services, LLC Plan shall be credited toward satisfaction of this obligation.

7. **Deficiency Claim.** Any portion of the claim not allowed as secured shall be treated as a Class 5 General Unsecured Claim.

## Class 3C – PlainsCapital Bank (Claim 12 Co-Obligor Treatment)

PlainsCapital Bank holds a secured claim arising from a commercial promissory note secured by vehicles, livestock, equipment, and related business assets. The payment terms for this claim are governed by the RWE Services, LLC Plan, which provides for amortization of the allowed secured claim over sixty (60) months at the Till rate. Payments made under the RWE Services, LLC Plan shall be credited toward satisfaction of this obligation. PlainsCapital Bank shall retain its liens until payment in full.

Class 4 – General Unsecured Claims. Holders of allowed unsecured claims (approximately $1.3 million) shall receive pro rata distributions from projected disposable income of the Debtor over 60 months, estimated at $2,177.03 per month (totaling approximately $130,622). The anticipated dividend is estimated at approximately 10% (subject to claims allowance).

Class 5 – Equity Interests. The Debtor retains his ownership in RWE Services, LLC and Walker Cutting Horses, LLC, and all exempt property.

## ARTICLE IV – Means of Implementation

The Debtor will fund this Plan from projected disposable income of $2,177.03 per month for 60 months. Debtor's projected income is attached as Exhibit A. Payments shall be made as follows:

1. Administrative claims will be paid first.
2. Secured creditors will be paid pursuant to Class 3 treatment.
3. Remaining disposable income will be distributed pro rata to Class 4 general unsecured creditors.

## ARTICLE V – Executory Contracts and Unexpired Leases

The Debtor assumes all executory contracts and unexpired leases not previously rejected.

## ARTICLE VI – Discharge

Upon completion of all Plan payments, the Debtor shall receive a discharge pursuant to 11 U.S.C. §1192.

## ARTICLE VII – Retention of Jurisdiction

The Court shall retain jurisdiction over this case for all matters permitted under the Bankruptcy Code, including allowance of claims, resolution of disputes, enforcement of the Plan, and modification of the Plan.

Dated: February 18, 2026.                    Respectfully submitted:

                                             */s/ Clayton L. Everett*      
                                             Clayton L. Everett
                                             State Bar No. 24065212
                                             Norred Law, PLLC
                                             515 E. Border St. | Arlington, Texas 76010
                                             Telephone: (817) 704-3984
                                             clayton@norredlaw.com
                                             Counsel for Byron Earl Walker