Matthew T. Taplett
State Bar No. 24028026
Pope, Hardwicke, Christie, Schell,
Kelly & Taplett, L.L.P.
500 W. 7th Street, Suite 600
Fort Worth, Texas 76102
Telephone No.: (817) 332-3245
Facsimile No.: (817) 877-4781
E-mail:  mtaplett@popehardwicke.com
Attorneys for PLAINSCAPITAL BANK

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 25-40278-mxm11 |
| BYRON EARL WALKER | § | |
| | § | CHAPTER 11 |
| DEBTOR. | § | Subchapter V |

**OBJECTION OF PLAINSCAPITAL BANK TO DEBTOR'S AMENDED
PLAN OF REORGANIZATION UNDER SUBCHAPTER V OF CHAPTER 11**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, PlainsCapital Bank ("PCB), a secured creditor and party-in-interest in this bankruptcy case, and files this Objection to Debtor's Amended Plan of Reorganization Under Subchapter V Of Chapter 11 [Docket No. 113] (the "Amended Plan"), and in support thereof would respectfully show the Court as follows:

**I.**

**BACKGROUND**

1. On January 24, 2025 (the "Petition Date"), Byron Earl Walker (the "Debtor") commenced this case by filing a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code.  On June 12, 2025, this case was converted to a case under Chapter 11, Subchapter V of Title 11 of the United States Code.

2.      PCB is a secured creditor in this case pursuant to that one certain Commercial Promissory Note dated January 19, 2024, executed by Debtor and payable to PCB in the original principal amount of $375,000.00 (the "First Note").  As security for the payment of the First Note, Debtor and Celina Jill Walker executed a Commercial Security Agreement dated January 19, 2024, wherein they pledged a security interest for the benefit of PCB in that one certain 2023 Lakota C8313SR Trailer, Vehicle Identification No. 58JGX3H23P1000455 (the "Trailer").  As further security for the payment of the First Note, Walker Cutting Horses, LLC ("WCH") (a company owned by Debtor) executed an Hypothecation Agreement Security Agreement-Pledge and a related Commercial Security Agreement both dated January 19, 2024, wherein WCH pledged a security interest for the benefit of PCB in all farm products. equipment, accounts, general intangibles and three cutting horses owned by WCH as more fully described therein (collectively, the "WCH Personal Property").  As further security for the payment of the First Note, Debtor executed a Commercial Security Agreement dated January 19, 2024, wherein Debtor pledged a security interest for the benefit of PCB in the Trailer and a 2022 Ram 3500 Dually Pickup, Vehicle Identification No. 3C63RRMLXNG195059 (the "Truck").  The amount due and owing on the First Note as of the Petition Date was not less than $341,889.28. On April 3, 2025, PCB timely filed Proof of Claim No. 12 evidencing the secured claim under the First Note, and the perfected liens related thereto, a true and correct copy of which is attached hereto as Exhibit "A."

3.      Debtor is also indebted to PCB pursuant to that one certain Promissory Note dated November 26, 2024, executed by Debtor and payable to PCB in the original principal amount of $700,000.00 (the "Second Note").  As security for the payment of the Second Note, WCH executed a Deed of Trust dated November 26, 2024, recorded as Instrument No. 2024-0016106, Official Public Records, Hood County, Texas (the "Deed of Trust"), wherein WCH pledged a lien on the real property located at 2250 Campbell Road, Tolar, Texas 76476 (the "WCH Real Property").  The

amount due and owing on the Second Note as of the Petition Date was not less than $702,795.41.

On April 3, 2025, PCB timely filed Proof of Claim No. 13 evidencing the secured claim under the

Second Note, and the perfected lien related thereto, a true and correct copy of which is attached

hereto as Exhibit "B."

**II.**

**THE AMENDED PLAN AND OBJECTION**

4.      The Amended Plan [Docket No. 113] was filed February 18, 2026.  As it pertains to

PCB, the Amended Plan proposes to treat PCB's secured claims as follows:

**Class 3B – PlainsCapital Bank (Real Estate Claim – Claim 13)**

**1. Allowed Secured Claim.** PlainsCapital Bank holds a secured claim arising from a promissory note and deed of trust encumbering income-producing real property utilized in connection with the Debtor's business operations. The claim is currently asserted in the approximate amount of $702,795.41, subject to objection and final determination under 11 U.S.C. § 506(a). Except as expressly modified herein, the loan documents shall remain in effect.

**2. Interest Rate.** The allowed secured claim shall bear interest at the Till rate, presently estimated at the national prime rate plus 1.00%, unless otherwise agreed by the parties.

**3. Payment Terms.** Beginning on the Effective Date, the Debtor shall continue making substantially the same monthly payments as required under the prepetition loan documents, estimated at approximately $5,794 per month, with all payments applied to principal and interest, which payment amount approximates the present-value payment stream required under the Till rate.

**4. Extended Maturity.** The maturity date of the loan shall be extended for a period of five (5) years beyond the original contractual maturity date, after which any remaining balance shall be due and payable in full.

**5. Lien Retention.** PlainsCapital Bank shall retain its lien on the real property until payment in full of the allowed secured claim.

**6. Operational Payment Source.** Payments on account of this claim shall be funded from income generated through RWE Services, LLC operations, and payments made under the RWE Services, LLC Plan shall be credited toward satisfaction of this obligation.

**7. Deficiency Claim.** Any portion of the claim not allowed as secured shall be treated as a Class 5 General Unsecured Claim.

**Class 3C – PlainsCapital Bank (Claim 12 Co-Obligor Treatment)**

PlainsCapital Bank holds a secured claim arising from a commercial promissory note secured by vehicles, livestock, equipment, and related business assets. The payment terms for this claim are governed by the RWE Services, LLC Plan, which provides for amortization of the allowed secured claim over sixty (60) months at the Till rate. Payments made under the RWE Services, LLC Plan shall be credited toward satisfaction of this obligation. PlainsCapital Bank shall retain its liens until payment in full.

5. To confirm a proposed plan of reorganization, the plan proponent must demonstrate that the plan meets all the requirements of 11 U.S.C. § 1129(a) by a preponderance of the evidence. If the proponent of a plan does not comply with the applicable provisions of Title 11, then the plan cannot be confirmed. However, if all the applicable requirements of subsection (a) other than paragraph (8) are met, the court shall confirm the plan notwithstanding the requirements of such paragraph if the plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims impaired under the plan that has not accepted the plan. 11 U.S.C. § 1129(b)(1).

6. With regard to Class 3B (the PCB claim arising under the Second Note), the Amended Plan appears to provide that (i) the balance due on this claim as of the Petition Date will be paid in full, (ii) the contractual interest rate is to be modified, (iii) the monthly payments to PCB under the Amended Plan are to be "estimated," (iv) the maturity date is to be extended to November 26, 2034, (v) PCB is to retain its lien on the WCH Real Property, (vi) the plan payments are to be funded from income generated through RWE Services, LLC, and (vii) any unsecured portion of this claim is to be treated as a Class 5 General Unsecured Claim. PCB's objects to this proposed treatment to the extent that, among other things, it (a) fails to provide payment in full of this claim, including all post-petition interest, fees, costs, or charges provided for under the parties' pre-petition loan agreement (for the reasons set forth more fully below), (b) it modifies the contractual interest rate, (c) the payment terms are not set forth in sufficient detail to allow PCB to know the specific amount that is due under the Amended Plan and when it will be paid, (d) the proposed "estimated"

payments and the proposed extended maturity date are ambiguous in terms of the manner in which this claim will be paid in full, and (e) there should not be any deficiency related to this claim.

7. The Amended Plan proposes to pay the Class 3C claim (the claim arising under the First Note) pursuant to terms "governed by the RWE Services, LLC Plan." PCB objects to this proposed treatment because RWE Services, LLC is not an obligor or guarantor of PCB, RWE Services, LLC did not pledge any collateral to PCB as security of the First Note or Second Note, PCB is not listed as a creditor in the RWE Services, LLC bankruptcy case, and PCB otherwise has no relationship to RWE Services, LLC. PCB further objects to any attempt by Debtor to alter the obligor under this claim, which is the Debtor. PCB further objects because the Amended Plan is ambiguous and confusing as it relates to the specific treatment of this claim. This claim is also oversecured and PCB objects to any treatment that fails to provide payment of all post-petition interest, and reasonable fees, costs, or charges provided for under the parties' pre-petition loan agreement.

8. Based upon an appraisal obtained by PCB, among other evidence, the value of the WCH Real Property is not less than $1,107,500.00, the value of the WCH Personal Property is not less than $450,000.00, the value of the Trailer is not less than $115,000.00, and the value of the Truck is not less than $60,000.00. PCB objects to the Amended Plan to the extent it undervalues PCB's allowed secured claims. PCB further objects to the Amended Plan under 11 U.S.C.§506(a)(1) to the extent the Amended Plan seeks to modify PCB's rights under the First Note and Second Note by providing payment of less than the full amount of PCB's allowed secured claims.

9. Newtek also objects to the Amended Plan under 11 U.S.C.§§1129(a)(7)(a)(ii) and (b)(2)(A)(i)(I) and (II), to the extent PCB will receive or retain under the Amended Plan on account of its claims property of a value that is less than the amount PCB would receive or retain if Debtor

or WCH were liquidated under Chapter 7, and to the extent PCB will receive deferred cash payments totaling a value that is less than the value of PCB's liens in the WCH Real Property, the WCH Personal Property, the Trailer and the Truck. PCB also objects to the Amended Plan to the extent the Amended Plan does not provide that PCB will receive the indubitable equivalent of its claims under 11 U.S.C.§§1129(b)(2)(A)(iii).

10.      11 U.S.C. §506(b) provides that, "[t]o the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose." 11 U.S.C. §506(b). On information and belief, PCB is an oversecured creditor with regard to both of its claims in this case and, to the extent it is, PCB is entitled under 11 U.S.C. §506(b) to interest on its secured claims at the contractual variable rates, and PCB is entitled to recover all reasonable fees (including attorneys' fees), costs, and charges provided for under the parties' pre-petition loan agreements. PCB objects to the Amended Plan because, to the extent PCB is an oversecured creditor, it modifies the contractual rates of interest set forth in the parties' pre-petition loan agreements and the Amended Plan does not provide payment to PCB of all reasonable post-petition fees (including attorneys' fees), costs, and charges provided for under the parties' pre-petition loan agreements.

11.      The Amended Plan does not specify what rights and remedies are available to PCB in the event Debtor defaults on the Amended Plan. Specifically, PCB objects to the Amended Plan because it does not allow PCB to enforce its rights and remedies against the collateral securing PCB's claims, including by judicial or non-judicial foreclosure, in the event Debtor defaults under the terms of the Amended Plan and fails to cure such default following written notice and opportunity to cure. Newtek also objects to the Amended Plan under 11 U.S.C. §1191 (c)(3)(B)

because the Amended Plan does not provide appropriate remedies, which may include the liquidation of nonexempt assets, to protect the holders of claims or interest in the event that payments are not made.

12.     PCB objects to the Amended Plan because it does not require Debtor and/or WCH to continue to satisfy the non-payment covenants of the parties' pre-petition loan documents, including, without limitation, insuring and paying property taxes, as applicable.

13.     PCB objects to the Amended Plan to the extent it seeks to obtain a discharge for the benefit of Debtor from the secured claims evidenced by the First Note and Second Note without proper payment thereof as set forth in this Objection.

14.     PCB objects to the Amended Plan to the extent the Plan does not meet the requirements of 11 U.S.C. §§ 1129 and 1191, or any other section of Title 11, in any other way not specifically set out herein.

15.     PCB objects to confirmation of the Amended Plan to the extent it seeks or purports to alter the terms of the parties' loan documents in any manner, including, without limitation, altering the party obligated to make payment under the terms of the parties' loan documents (*i.e.* Debtor) and the owner of the collateral pledged to PCB as reflected and represented in the parties' loan documents.

16.     PCB objects to confirmation of the Amended Plan because, on information and belief, no ballots were provide to creditors, including PSB, and no deadlines were set by the Court to object to the Amended Plan, to submit ballots, or make other elections provided for under the Bankruptcy Code.

17.     PCB objects to any attempt by Debtor to enjoin or prevent PCB from enforcing its lien rights in collateral pledged by Debtor or WCH without payment in full of the First Note and Second Note.

18.     PCB objects to any attempt by Debtor to cramdown the amounts due and owing under the First Note and Second Note.

WHEREFORE, PREMISES CONSIDERED, PlainsCapital Bank prays that the Court consider this Objection, and grant such other and further relief, at law or in equity, to which PlainsCapital Bank may show itself to be justly entitled.

Dated: April 10, 2026                    Respectfully submitted,

POPE, HARDWICKE, CHRISTIE, SCHELL,
  KELLY & TAPLETT, L.L.P.


By:     /s/  Matthew T. Taplett
Matthew T. Taplett
State Bar No. 24028026

500 W. 7th Street, Suite 600
Fort Worth, Texas  76102
Telephone No. (817) 332-3245
Facsimile No.  (817) 877-4781

ATTORNEY FOR PLAINSCAPITAL BANK

## CERTIFICATE OF SERVICE

This is to certify that on this 10th day of April 2026, a true and correct copy of this document was served via the ECF system or by U.S. first class mail, postage prepaid, on the following:

U.S. Trustee
1100 Commerce Street
Room 976
Dallas, TX 75202

Clayton Everett
515 W. Border St., Suite 163
Arlington, TX 76010

Frances A. Smith (SBRA V)
c/o Frances A. Smith, Esq
Offit Kurman
700 N. Pearl St., Suite 1610
Dallas, TX 75201

Byron Earl Walker
1206 Delmarva Ct
Granbury, TX 76048

All other parties requesting notice.

_____

*/s/ Matthew T. Taplett*
By: Matthew T. Taplett