Clayton L. Everett, State Bar No. 24065212
NORRED LAW, PLLC | 515 E. Border Street | Arlington, Texas 76010
Telephone: (817) 704-3984 | clayton@norredlaw.com
Attorney for the Debtor

United States Bankruptcy Court
Northern District of Texas
Fort Worth Division

| | |
|---|---|
| **In re:**<br>**BYRON EARL WALKER**<br>***dba* Walker Cutting Horses, LLC**<br>**Debtor(s)** | **Case No. 25-40278-mxm11** |
| **JPMORGAN CHASE BANK, N.A.**<br>**Movant**<br>**vs.** | **Chapter 11**<br><br>**Subchapter V** |
| **BYRON EARL WALKER**<br>***dba* Walker Cutting Horses, LLC**<br>**Respondent(s)** | ***Preliminary Hearing: September 10, 2026***<br>***Preliminary Hearing Time: 9:30a.m.*** |

## DEBTOR'S RESPONSE OPPOSED TO JPMORGAN CHASE BANK, N.A.'S MOTION FOR RELIEF FROM AUTOMATIC STAY

Byron Earl Walker, ("Debtor") files this Response in Opposition to the Motion for Relief from Stay filed by JPMorgan Chase Bank, N.A. ("Chase Bank") [ECF No. 144], and respectfully shows as follows:

1. Debtor admits the allegations in paragraph 1 of the motion.

2. Debtor admits the allegations in paragraph 2 of the motion.

3. Debtor admits the allegations in paragraph 3 of the motion.

4. Debtor admits the allegations in paragraph 4 of the motion.

5. Debtor denies the allegations in paragraph 5 to the extent they assert that relief from stay is warranted. Debtor admits that certain post-confirmation payments were not timely made, but disputes Movant's calculation of the required payment and resulting delinquency.

a) The confirmed Subchapter V Plan provides for Chase's secured claim to be paid based on the value of the vehicle collateral at 7% interest amortized over 60 months. Debtor values the 2023 Ram at $30,000, which results in a monthly plan payment of approximately $594.04, rather than the $792.05 amount presently asserted by Chase.

b) Debtor disputes that the asserted contractual balance of $56,640.45 determines the amount of Chase's secured claim or the payments presently required under the confirmed Plan. Debtor contends Chase's secured claim is subject to the Plan's cramdown treatment, with any remaining balance treated as unsecured.

c) The vehicle is presently insured. Debtor is prepared to maintain full insurance coverage and provide proof of insurance to Chase.

6. Debtor denies that paragraph 6 establishes cause for relief from stay. Chase relies on a clean-retail valuation of $43,150. Debtor disputes that this valuation controls the treatment of Chase's secured claim under the confirmed Plan and reserves all rights concerning valuation.

7. Debtor admits that there may be no equity in the vehicle when measured against Chase's asserted contractual balance, but states that the vehicle is necessary to Debtor's ongoing business operations and effective reorganization.

8. Debtor denies the allegations in paragraph 8 to the extent Movant seeks recovery of attorneys' fees and costs without proof of entitlement, reasonableness, necessity, and allowance under the Bankruptcy Code, the confirmed Plan, and applicable law.

9. Debtor denies the allegations in paragraph 9. Debtor can adequately protect Chase by curing the delinquency calculated under the confirmed Plan, making ongoing monthly payments of approximately $594.04, maintaining insurance, and preserving and maintaining the vehicle.

10. **Comprehensive Statement on Adequate Protection**. Debtor is prepared to tender $1,782.12 for the June, July, and August payments, while preserving both parties' positions concerning the amount of Chase's allowed secured claim. Debtor also will maintain the vehicle, make regular timely payments hereafter, and provide and maintain full insurance coverage.

For these reasons, the Debtor respectfully requests that the Court deny the Motion for Relief from Stay or, alternatively, continue or abate the Motion to permit the parties to implement an adequate-protection arrangement consistent with the confirmed Plan, and grant such other and further relief as the Court deems just and proper

DATED: August 25, 2026.

Respectfully submitted:

By:___/s/ Clayton L. Everett_______
Clayton L. Everett | State Bar No. 24065212
clayton@norredlaw.com
Norred Law, PLLC
515 E. Border St.; Arlington, Texas 76010
Telephone: (817)704-3984
Attorney for the Debtor

**CERTIFICATE OF SERVICE**

I hereby certify that on August 25, 2026, a true and correct copy of the foregoing document was served to all parties receiving notice electronically in this case via the CM/ECF system including the parties listed below:

Counsel for Movant:
Hilary B. Bonial / TXBN 24054367
Chandra D. Pryor / CABN 320903
Attorneys and Counselors
14841 Dallas Parkway, Suite 350
Dallas, Texas 75254
Attorney for JPMorgan Chase Bank, N.A.

Subchapter V Trustee:
Frances A. Smith
c/o Offit Kurman
700 N. Pearl Street, Ste 1610
Dallas, TX 75201

U.S. Trustee:
United States Trustee
1100 Commerce Street, Room 976
Dallas, TX 75242

Parties Requesting Notice:

Ally Bank c/o AIS Portfolio Services, LLC
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118

Hood CAD
c/o Camille Stecker
John Kendrick Turner
Linebarger Goggan Blair & Sampson, LLP
3500 Maple Avenue, Suite 800
Dallas, TX 75219

Sharon H. Sjostrom
Blalack & Williams, P.C.
4851 LBJ Freeway, Suite 750
Dallas, TX 75244
Email: ssjostrom@blalack.com

Eric Allen Maskell
Lawrence Law Herrera
Allmand Law Firm, PLLC
860 Airport Fwy, Suite 401
Hurst, TX 76054

Matthew Thomas Taplett
Pope, Hardwicke, Christie, et. al.
500 West 7th Street, Suite 600/Unit 9
Ft. Worth, TX 76102

/s/ Clayton L. Everett
Clayton L. Everett