CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed September 14, 2026**

**United States Bankruptcy Judge**

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO. 25-40278-MXM11** |
| **BYRON EARL WALKER** | § | |
| **DEBTOR(S)** | § | **CHAPTER 11** |
| | § | |
| **JPMORGAN CHASE BANK, N.A.** | § | |
| **MOVANT** | § | |
| | § | |

**<u>AGREED ORDER MODIFYING STAY</u>**

The Court finds that JPMorgan Chase Bank, N.A. (hereinafter "Movant"), a secured creditor in this matter, has filed a Motion for Relief from Stay of Act Against Collateral ("Motion") concerning the collateral described as a 2023 RAM 2500, VIN: 3C6UR5CLXPG569316 (the "Collateral"); that all required notices of the Motion and hearing thereon have been properly served; and that the parties have agreed to modification of the 11 USC §362(a) stay with respect to the Collateral. Debtor(s) have defaulted in the performance of certain obligations to Movant.

**IT IS THEREFORE ORDERED THAT:**

1. The 11 USC §362(a) stay as to Movant, its successors and/or assigns, in accordance with the parties' agreement, is hereby MODIFIED, and shall remain in effect provided Debtor(s) complies with the following conditions:

a. Debtor(s) shall continue to provide to Movant proof of insurance on the Collateral sufficient to comply with the terms of the contract documents, at the time the insurance policy is renewed, or every year hereafter, whichever comes first.

b. Debtor(s) shall resume making all future monthly payments to Movant as they become due commencing October 1, 2026, each payment to be timely made in accordance with the terms and provisions of the confirmed Chapter 11 Plan. Payments should be paid to JPMorgan Chase Bank, N.A., 700 Kansas Lane LA4- 6310, Monroe, LA 71203, if mailed.

c. A post-petition arrearage exists and is itemized as follows:

| **Description** | **Unit Amount** | **Total Amount** |
|---|---|---|
| Regular Payment: 6/01/26 to 9/1/26 | $594.04 | $2,376.16 |

d. Debtor(s) shall cure the post-petition arrearage currently due to Movant for the month(s) of June 2026 through and including September 2026 in the total amount of $2,376.16, by making a payment of $792.05 on or before the 25th day of each month for (2) consecutive months beginning September 25, 2026, and (1) final payment of $792.06 on or before November 25, 2026.

e. Debtor(s) shall remain current on those payments arising under the terms of the Chapter 11 plan. For avoidance of doubt, the regular monthly payment presently required to Movant under the confirmed Chapter 11 Plan is $594.04. Nothing in this Agreed Order modifies or supersedes the treatment of Movant's claim under the confirmed Plan.

2. Debtor(s)' tendering of a check to Movant which is subsequently returned due to an insufficiency of funds in the account upon which the check is drawn shall not constitute a "payment" as that term is used in Paragraph 1 of this Order.

3. In the event that Debtor(s) fail to comply with any of the conditions set forth in Paragraph 1 of this Order, and upon Movant's providing to Debtor(s) and Debtor(s)' Attorney written notice of the noncompliance, by first class and certified mail, and upon Debtor(s)' failure to cure the noncompliance within fourteen (14) days from the date of the written notice, the 11 USC §362(a) stay as to Movant, its successors and/or assigns, shall be terminated after the filing of a notice of termination of automatic stay with the Court, and Movant, its successors and/or assigns, shall be permitted to exercise any rights granted to it by the loan documents with respect to the Collateral. Debtor(s)' right to notice is expressly limited to two (2) events of noncompliance. Upon the third (3rd) event of noncompliance, the 11 USC §362(a) stay as to Movant, its successors and/or assigns, shall be terminated after the filing of a notice of termination of automatic stay with the Court.

4. In the event the Debtor(s) convert to a Chapter 7 during the pendency of this bankruptcy case, the Debtor(s) shall cure all arrearage due to Movant by the date of entry of the Order converting the case. Should the Debtor(s) fail to timely cure said arrearage, Movant may abandon the terms of this agreement, and the 11 USC §362(a) stay), if any is in effect, shall terminate after the filing of a notice terminating the automatic stay, and Movant, its successors and/or assigns, shall be free to exercise any rights granted to it by the loan documents with respect to the Collateral.

IT IS FURTHER ORDERED that the provisions of Bankruptcy Rule 4001(a)(4) are waived and the Order shall be in full force and effect upon signature of this Court.

### END OF ORDER ###

AGREED TO AND APPROVED BY:

/s/Clayton Everett
Clayton Everett / TXBN 24065212
Attorney At Law
515 E. Border St., Ste 163
Arlington, TX 76010
(817) 704-3984
Attorney for Debtor(s)

_/s/Chandra D. Pryor_______________
Hilary B. Bonial / TXBN 24054367
Chandra D. Pryor / CABN 320903
Bonial & Associates, P.C.
Attorneys and Counselors
14841 Dallas Parkway, Suite 350
Dallas, Texas 75254
(972) 643-6600
(972) 643-6698 (Telecopier)
E-mail: BkcyAttorneys@BonialPC.com
Attorney for JPMorgan Chase Bank, N.A.